IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK CLAY STACKHOUSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-981-R |
| | ) | |
| ROBERT PATTON, ODOC Director, | ) ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and taken judicial notice of various state court records.[1] After review, the undersigned recommends that the court dismiss the petition on filing.

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

## I. Background.

On January 11, 2012, in Kingfisher County District Court, Petitioner entered a blind guilty plea to child sexual abuse. Doc. 1, at 1.[2] Although Petitioner states that he was sentenced the same day, *id.*, the Kingfisher County docket sheet shows that Petitioner was sentenced on March 16, 2012.[3] Petitioner did not appeal.

The undersigned judicially notices that on October 3, 2012, Petitioner filed his first application for post-conviction relief.[4] *See* On Demand Court Records, *Oklahoma v. Stackhouse*, Case No. CF-2011-28, Kingfisher Cnty., docket entry dated Oct. 3, 2012. The state district court denied relief on January 22, 2013, and Petitioner did not appeal. *See id.*, docket entry dated Jan. 22, 2013. Two months later, on February 19, 2013, Petitioner sought a one-year judicial review of his sentence. *See id.*, docket entry dated Feb. 19, 2013. The state court denied relief on March 5, 2013. *See id.*, docket entry dated Mar. 5, 2013.

---

[2] The undersigned's citations refer to the court's CM/ECF pagination.

[3] *See* On Demand Court Records, *Oklahoma v. Stackhouse*, Case No. CF-2011-28, Kingfisher Cnty., docket entry dated Mar. 16, 2012 (the On Demand Court Records can be accessed at: http://www1.odcr.com/).

[4] Petitioner referenced his first application for post-conviction relief, but did not provide any relevant dates. Doc. 1, at 4.

2

Approximately one year later, on February 7, 2014, Petitioner filed a second application for post-conviction relief. *See* Doc. 1, Att. 5, at 1. The state court again denied relief, *id.* Att. 5, at 2, and Petitioner appealed on April 25, 2014. *See id.* Att. 6, at 1. The Oklahoma Court of Criminal Appeals affirmed on July 28, 2014. *See id.* Att. 6, at 4.

Petitioner filed the instant action on September 5, 2014. Doc. 1, at 15.[5]

## II.     Analysis.

In his only allegation, Petitioner claims that he "[r]eceived to[o] much time for a 1st time felony conviction." Doc. 1, at 5. The undersigned finds that Petitioner's claim is time-barred.

### A.     The starting date for the statute of limitations.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) establishes, in relevant part, a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (discussing the AEDPA's enactment date and one-year statute of limitations). Here, that clock begins to run from "the date

---

[5]     The court deems the petition filed on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (citation omitted). Petitioner did not provide that date, but a notary public verified Petitioner's signature on September 5, 2014. Doc. 1, at 15. The undersigned assumes that Petitioner gave the petition to prison officials the same day.

3

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As noted above, the state district court sentenced Petitioner on March 16, 2012, and Petitioner neither moved to withdraw his guilty plea nor appealed his conviction. So, his conviction became final ten days later, on March 26, 2012. *See Fleming*, 481 F.3d at 1255 (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal). Absent tolling, Petitioner's statute of limitations expired one year later, on March 27, 2013. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)).

B.  **Statutory tolling.**

Statutory tolling is available only when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed his first application for post-conviction relief on October 3, 2012, and the state court did not deny relief until January 22, 2013. So, Petitioner is entitled to 112 days of statutory tolling. And, while Petitioner did not seek further relief, he is also entitled to tolling for the thirty days in which he could have appealed.

4

*See Gibson*, 232 F.3d at 804 ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." (emphasis in original)); *see also* Rule 5.2(C)(2), Rules of the Okla. Ct. of Crim. App. (requiring an appeal from the trial court's denial of post-conviction relief to be filed within thirty days). In total, Petitioner is entitled to 142 days of tolling for his first application for post-conviction relief, extending his statute of limitations expiration date to August 16, 2013.

Petitioner also filed a motion for judicial review of his sentence, and a second application for post-conviction relief. However, a motion for judicial review of a sentence does "not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period." *Jamison v. Jones*, 197 F. App'x 743, 745 n.3 (10th Cir. 2006). And, Petitioner did not file his second application for post-conviction relief until February 7, 2014, well after his statute of limitations had already expired. So, Petitioner's second application for post-conviction relief did not statutorily toll his limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

5

### C. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 648; *Gibson*, 232 F.3d at 808 (holding that equitable tolling is available only in "'rare and exceptional circumstances'") (citation omitted). Examples of when equitable tolling may be appropriate include: (1) actual innocence; (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing"; or, (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808. And, to warrant equitable tolling, "a petitioner must diligently pursue his federal habeas claims . . . ." *Id.* It is Petitioner's burden to prove entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

The undersigned finds no grounds for equitable tolling. For example, Petitioner's petition focuses solely on his sentence length and does not allege actual innocence. Also, there is no evidence that Petitioner filed a defective

pleading during the statutory time period. Finally, Petitioner does not suggest that any uncontrollable circumstance prevented a timely filing.[6]

## D. Summary.

With statutory tolling, Petitioner's statute of limitations expired on August 16, 2013, and he is not entitled to equitable tolling. Because Petitioner did not file the instant petition until over a year later – on September 5, 2014 − the undersigned recommends that the court dismiss Petitioner's petition as untimely.

## III. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned finds that Petitioner's petition is untimely and recommends that the court dismiss it on filing.

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court by November 12, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to timely object to this report and recommendation waives the right to appellate review of both

---

[6] Petitioner does blame a prison law librarian for missing the appeal date for his first application for post-conviction relief. Doc. 1, at 4. But Petitioner does not suggest that this interfered with his ability to timely file a federal habeas petition. Moreover, the undersigned finds that a prison law clerk's mistake or incorrect advice does not qualify as an "extraordinary circumstance beyond [Petitioner's] control." *Williams v. Miller*, 264 F. App'x 724, 726 (10th Cir. 2008).

factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's opportunity to further address any arguments related to the statute of limitations issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no concerns with magistrate judge raising an issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 23rd day of October, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE