# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK CLAY STACKHOUSE, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-14-981-R |
| ROBERT PATTON, ODOC Director, | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered October 23, 2014. Doc. No. 7. Petitioner has filed an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. No. 8. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

Petitioner entered a guilty plea for child sexual abuse in Kingfisher County Court on January 11, 2012 and was sentenced to forty-five years with five years suspended on March 16, 2012. Pet. 1.[1] He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on September 5, 2014 alleging that his sentence was too long. The Magistrate Judge recommends dismissing the petition as untimely. Petitioner argues that his petition should not be dismissed because he is entitled to equitable tolling.

The Court agrees with the thorough and well-reasoned Report and Recommendation of the Magistrate Judge. Taking into account the statutory tolling to

---

[1] *See also* On Demand Court Records, *http:www1.odcr.com/*, *Oklahoma v. Stackhouse*, Case No. CF-2011-28, Kingfisher Cnty.

which Petitioner is entitled, the last day he had to file his federal petition for habeas relief was August 15, 2013.[2] He did not file the petition until over one year later on September 5, 2014.

Petitioner argues that he is entitled to equitable tolling because he was denied access to a prison law clerk's assistance, which, because he is illiterate, resulted in him being unable to appeal his first denial of post-conviction relief. Doc. No. 8, at 1. To warrant equitable tolling, a petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

First, Petitioner has not demonstrated that he has been diligently pursuing his rights. He does not explain how his difficulties in seeking post-conviction relief in state court led to his inability to file a timely federal habeas petition. And he has not alleged that he "requested an extension of time to file his [petition], or otherwise attempted to timely file despite being deprived of" legal assistance. *United States v. Martinez*, 303 F. App'x 590, 596 (10th Cir. 2008) (unpublished).

Second, Petitioner's illiteracy and lack of access to legal assistance do not constitute "extraordinary circumstances" sufficient to warrant equitable tolling. *Malone v. Oklahoma*, 100 F. App'x 795, 798 (10th Cir. 2004) (unpublished) ("Mr. Malone claims

---

[2] This date was calculated by adding 142 days of statutory tolling to the initial deadline of March 26, 2013. *See Report and Recommendation* 3-4; *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) ("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act."). This is a minor correction of the Magistrate Judge's Report and Recommendation, which states that, absent tolling, the statute of limitations expired on March 27, 2013.

that the AEDPA's one-year limitation period should be tolled due to his ignorance of the law, the absence of law-clerk-assistance, and his illiteracy. None of these reasons justifies tolling the one-year period."); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling."). Petitioner has no "abstract, freestanding right to a law library or legal assistance;" accordingly, he must explain how "the alleged shortcomings … hindered his efforts to pursue a legal claim." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Petitioner has not explained the type of assistance he sought from a prison law clerk, and how this lack of assistance prevented him from diligently pursuing his claim. *See id.* ("Fogle would need to explain, for example, exactly what legal materials he was seeking."). Thus, Petitioner has failed to establish both elements and is not entitled to equitable tolling.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, except to the extent inconsistent with this Order and Petitioner's Petition is DISMISSED as untimely.

IT IS SO ORDERED this 7th day of November, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE